**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: April 15 2016

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 15-30531 |
| Jeremy Lynn Kerr, | ) | Chapter 7 |
| Debtor(s). | ) | Adv. Pro. No. 15-03085 |
| Daniel M. McDermott, | ) | Judge John P. Gustafson |
| Plaintiff(s), | ) | |
| v. | ) | |
| Jeremy Lynn Kerr, | ) | |
| Defendant(s). | ) | |

### MEMORANDUM AND ORDER RE: SCHEDULING AND CONDUCT OF TRIAL

This matter came before the court on April 7, 2016, at a Pre-Trial Conference on the above captioned Complaint filed by the Office of the United States Trustee ("OUST"), seeking to Deny Discharge Pursuant to 11 U.S.C. Section 727. Attorney for the Plaintiff and the *pro se* Debtor-Defendant both appeared at the hearing via telephone.

At the Pre-Trial on this matter, a discussion was had about how to conduct the trial

in this case.  Defendant-Debtor Jeremy Lynn Kerr ("Mr. Kerr" or "Debtor-Defendant") is incarcerated and appearing *pro se*.  Conducting the trial with Mr. Kerr attending by telephone was one possibility that was considered, and procedures for proceeding in that manner were reviewed.

Counsel for the Plaintiff also raised the possibility of this court entering an order that would require the transportation of the Debtor-Defendant to the courtroom in Toledo, Ohio, to allow Mr. Kerr to be physically present for the trial on the Complaint seeking to deny his discharge.

This being the first time issues of this kind have come before me, the matter was taken under advisement, with the understanding that a written Memorandum would be entered after reviewing the law regarding how a trial might be conducted under these circumstances.

First, it appears federal courts have held that a prisoner has no constitutional right to appear in civil proceedings.  *Price v. Johnston*, 344 U.S. 266, 285-86, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356, 1370 (1948), *rev'd on other grounds by McCleskey v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed. 2d 517 (1991); *In re Wilkinson*, 137 F.3d 911, 914 (6th Cir. 1998)(holding that prisoners who bring civil actions "have no right to be present at any stage of the judicial proceedings"); *Holt v. Pitts*, 619 F.2d 558, 560 (6th Cir. 1980); *Farese v. Palm Beach Partners (In re Palm Beach Partners, Ltd.)*, 251 B.R. 906, 907 (Bankr. S.D. Fla. 2000); *In re Burrell*, 186 B.R. 230, 232 (Bankr. E.D. Tenn. 1995).

"Whether the Debtor is deemed to have commenced this action by filing this bankruptcy case or is deemed to be a defendant in an adversary proceeding is not dispositive of his right to be present." *In re Larson*, 232 B.R. 396, 398 (Bankr. W.D. Wis. 1999).

However, the fact that there is no constitutional right to be present does not end the inquiry. The question still remains as to whether an accommodation to the prisoner should be made, and what should that accommodation be?

One possibility, as raised by the OUST, would be to have Mr. Kerr brought in for the trial. A review of the case law dealing with these types of issues reflects that the proper vehicle for bringing an incarcerated person in to testify is a writ of habeas corpus ad testificandum. This writ is issued under 28 U.S.C. §2241(a) and (c)(5).[1] Under Section 2241(a): "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."

A review of the case law reflects a strong majority view that bankruptcy courts do not have the authority to issue a writ of habeas corpus, including a writ of habeas corpus ad testificandum.[2] *See*, *Bryan v. Rainwater (In re Rainwater)*, 254 B.R. 273, 276 (N.D. Ala. 2000)(reversing bankruptcy court's issuance of a writ of habeas corpus based upon a lack of authority); *In re Kluever*, 373 B.R. 163, 164 (Bankr. M.D. Fla. 2007)(denying a debtor's writ of habeas corpus); *Cornelius v. Bishop (In re Cornelius)*, 214 B.R. 588, 590 (Bankr. E.D.

---

[1]/ In determining whether to release a prisoner to testify at a civil trial under a writ of habeas corpus ad testificandum, the Sixth Circuit has cited one of the leading case on the factors to be considered, *Stone v. Morris*, 546 F.2d 730, 735 (7th Cir. 1976). *See*, *Holt v. Pitts*, 619 F.2d 558, 561 (6th Cir. 1980). Subsequent Sixth Circuit decisions have listed factors to be considered in determining whether to grant a writ to allow a prisoner to attend a pre-trial deposition. *See*, *In re Wilkerson*, 137 F.3d 911, 917 (6th Cir. 1998); *In re Collins*, 73 F.3d 614, 615 (6th Cir. 1995). Both *Wilkerson* and *Collins* list "the availability of alternative means to accommodate the concerns of both the inmate and the prison officials" as one factor that should be considered. As one bankruptcy court has stated: "The Sixth Circuit has enumerated several factors for the Court to take into consideration in this determination, and has stated that if any of the factors are found to be negative, the Court would do well to decline to issue the writ." *In re Smith*, 2012 Bankr. LEXIS 6291 (Bankr. W.D. Tenn. March 30, 2012).

[2]/ "While I appreciate the distinction between a writ of habeas corpus that releases a prisoner from custody and one that simply requires his production under appropriate security measures for the purpose of testifying, the statute does not make the distinction." *Gowan v. Westford Asset Mgmt. LLC (In re Dreier LLP)*, 2014 WL 3767430 at *2, 2014 Bankr. LEXIS 3258 at *7 (Bankr. S.D.N.Y. July 30, 2014).

3

Ark. 1997); *Gowan v. Westford Asset Mgmt. LLC (In re Dreier LLP)*, 2014 WL 3767430, 2014 Bankr. LEXIS 3258 (Bankr. S.D.N.Y. July 30, 2014); *In re Best Value, Inc.*, 2009 WL 4840144, 2009 Bankr. LEXIS 3918 (Bankr. N.D. Iowa Dec. 15, 2009); *Bennett v. Smith (In re Smith)*, 2007 WL 1199253, 2007 Bankr. LEXIS 4732 (Bankr. M.D.N.C. Apr. 19, 2007); *see generally*, Annotation, *Issuance by Federal Court, Pursuant to 28 U.S.C.A. § 2241(c)(5), of Writ of Habeas Corpus Ad Testificandum Requiring Presence of Prisoner to Testify at Civil or Criminal Ttrial*, 65 A.L.R. Fed. 321 (2015).

There are two primary arguments against bankruptcy courts having the authority to issue writs of habeas corpus. One is a "plain meaning" argument to be made based upon the language of §2241(a), which does not include "bankruptcy courts" on the list of courts that can issue the writ. The other reason is based upon a review of the history of bankruptcy legislation relating to the issuance of writs of habeas corpus:

> An examination of another statute, 28 U.S.C. § 2256, casts further doubt on the ability of a bankruptcy court to issue such a writ. Congress granted authority to bankruptcy courts to issue writs of habeas corpus in 28 U.S.C. § 2256, but the statute was repealed before it ever became effective.

*Bennett v. Smith (In re Smith)*, 2007 WL 1199253 at *1, 2007 Bankr. LEXIS 4732 at *3 (Bankr. M.D.N.C. Apr. 19, 2007); *citing*, *Crestview Funeral Home, Inc. v. McCormick*, 2002 WL 31793997 at *2-3, 2002 Bankr. LEXIS 1521 at *6 (10th Cir. BAP Dec. 13, 2002); *Bryan v. Rainwater*, 254 B.R. 273, 276 (Bankr. N.D. Ala. 2000); *see also*, *Gowan v. Westford Asset Mgmt. LLC (In re Dreier LLP)*, 2014 WL 3767430 at *1, 2014 Bankr. LEXIS 3258 at *5-6 (Bankr. S.D.N.Y. July 30, 2014)(citing additional cases). The actions of Congress, in first

passing §2256[3], and then repealing[4] the statute before it could become effective, strongly supports the majority view that bankruptcy courts lack the statutory authority to issue a writ of habeas corpus ad testificandum.

While there are decisions that have determined (or suggested) that bankruptcy courts may issue a writ of habeas corpus ad testificandum, such as *Barlow v. McGee (In re Barlow)*, 2010 WL 3831387, 2010 Bankr. LEXIS 3395 (Bankr. W.D. Mich. Sept. 20, 2010), these cases appear to rely (at least in part) on 11 U.S.C. §105(a). The Supreme Court's subsequent holding in *Law v. Siegel*, 134 S. Ct. 1188, 1194, 188 L. Ed. 2d 146 (2014) has clarified that bankruptcy courts may not rely on §105(a) to expand statutory authority.

Accordingly, if the Debtor-Defendant wishes to file a writ of habeas corpus ad testificandum, it should be filed with the United States District Court.

The last issue is whether the trial of this matter should be conducted with the Debtor-Defendant attending by telephone. Because of the geographical size of the Western Division, this court conducts a high percentage of its hearings by telephone. However, matters that are routinely handled by telephone do not involve the presentation of evidence.

Other courts facing similar issues have held that allowing an inmate to appear at hearings by telephone can be an appropriate accommodation. For example, in reversing a

---

[3]/ The first subsection of 28 U.S.C. §2256 dealt specifically with "bankruptcy court authority to issue a writ of habeas corpus to bring a person before the court for examination, to testify, or to perform a duty imposed on the person under title 11." *Salazar v. McCormick (In re Crestview Funeral Home, Inc.)*, 2002 WL 31793997 at *2, 2002 Bankr. LEXIS 1521 at *7 (10th Cir. BAP Dec. 13, 2002)(footnote omitted).

[4]/ "The statute's history is rather peculiar. It began as a part of the Bankruptcy Reform Act of 1978, but was not to take effect until April 1, 1984. The provision would have given bankruptcy courts authority to issue writs of habeas corpus in certain very limited circumstances. Then in 1984, the statute's effective date was delayed four times. Finally, the statute was repealed in an unusual way: the provision specifying its effective date was amended to strike the phrase 'shall take effect on June 28, 1984,' and replace it with the phrase 'shall not be effective.'" *Salazar v. McCormick (In re Crestview Funeral Home, Inc.)*, 2002 WL 31793997 at *2-3, 2002 Bankr. LEXIS 1521 at *5-6 (10th Cir. BAP Dec. 13, 2002)(footnotes omitted).

bankruptcy court's dismissal of a Chapter 7 case, the *Del Rio* court concluded that "low-burden alternatives", such as telephonic access, should have been considered. *In re Del Rio*, 2001 WL 34094074 at *2, 2001 U.S. Dist. LEXIS 24971 at *6-7 (S.D. Ga. Aug. 15, 2001). The *Del Rio* court relied, in part, on a similar holding in the *Palm Beach Partners* case, where an inmate, who was an interested party, was permitted to attend and participate in all hearings by telephone. *Farese v. Palm Beach Partners (In re Palm Beach Partners, Ltd.)*, 251 B.R. 906, 908 (Bankr. S.D. Fla. 2000); *see also*, *Conti v. Laroque (In re Heinze)*, 2008 Bankr. LEXIS 4247, 2008 WL 6934492 (Bankr. M.D.N.C. April 23, 2008)(allowing participation in adversary hearing by telephone).

An evidentiary hearing, such as the trial on this adversary complaint, presents challenges not faced in non-evidentiary hearings. However, those challenges do not appear to be insurmountable in this case. Mr. Kerr has stated that he does not have any documentary evidence he wishes to submit to the court at this time. Even if this were not the case, *Ownby v. Cohen* makes it clear that a litigant could submit documents without making an appearance in court. *See*, *Ownby v. Cohen*, 2002 U.S. Dist. LEXIS 15022 at *17, 2002 WL 1877519, at *6 (W.D. Va. Aug. 13, 2002)("If Ownby had any documents relevant to the case, there seems no reason that he could not submit the documents without making an appearance in court.").

Prior to trial, the Office of the U.S. Trustee will be providing Defendant-Debtor with every exhibit that its attorney will seek to introduce. Further, the OUST is willing to be limited to introducing only the documents previously provided to Mr. Kerr.

Accordingly, for the reasons discussed above,

**IT IS ORDERED** that the court will schedule this matter for trial, with the

Defendant-Debtor permitted to appear by telephone, unless: 1) the parties reach an agreement that obviates the need for a trial; 2) Debtor-Defendant files a writ of habeas corpus ad testificandum with the United States District Court and obtains an order allowing him to be physically present at the trial; or, 3) the telephonic appearance of the Debtor-Defendant cannot be arranged through the Warden of institution where Mr. Kerr is incarcerated.

# # #