**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated: December 16 2016**

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 15-30531 |
| | ) | |
| Jeremy Lynn Kerr, | ) | Chapter 7 |
| | ) | |
| Debtor(s). | ) | Adv. Pro. No. 15-03085 |
| | ) | |
| Daniel M. McDermott, United States Trustee, | ) | Judge John P. Gustafson |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Jeremy Lynn Kerr, | ) | |
| | ) | |
| Defendant(s). | | |

### ORDER DENYING DEFENDANT'S MOTION TO ORDER THE CLERK TO SERVE THE U.S. TRUSTEE A COPY OF THE DEFENDANT'S EXHIBITS

This adversary proceeding is before the court on Defendant's "Motion To Order the Clerk to Serve the U.S. Trustee a Copy of the Defendant's Exhibits" ("Motion") [Doc. # 69]. Defendant is the Debtor in the underlying Chapter 7 case pending in this court, and he is representing himself in this adversary proceeding. Defendant's Exhibit List was filed with

the court on December 15, 2016 [Doc. # 68], which contains brief descriptions of Defendant's forty-seven (47) exhibits, and one copy of each of Defendant's exhibits was received by the court on December 14th and 15th, 2016.

On December 15, 2016, Defendant also filed the Motion now before court, which requests the court to order the Clerk to serve the United States Trustee ("Plaintiff") with a copy of Defendant's exhibits. Defendant believes that because the court "has granted [him] indigent status", and because "[t]he cost of copies and postage [are] a burden upon [him]" [Doc. # 69], the court should order the Clerk to serve the Plaintiff with a copy of his forty-seven exhibits, as opposed to Defendant personally serving Plaintiff. The court notes that Defendant is currently incarcerated at the North Central Correctional Institution, and in Defendant's underlying Chapter 7 case, the court granted Defendant's Application to Proceed *in forma pauperis*. [Case No. 15-30531, Doc. ## 6, 9].

A debtor carries the burden of proof in showing an inability to pay such a fee, and he must establish it by a preponderance of the evidence. *See, e.g., In re Gould*, 2008 WL 1891892, 2008 Bankr. LEXIS 1359 (Bankr. N.D. Ohio Apr. 28, 2008); *In re Phillips*, 375 B.R. 201, 207 (Bankr. W.D. Va. 2007). In the matter at hand, Defendant seeks to compel the Clerk to serve Plaintiff with copies of his forty-seven exhibits. While Defendant was granted *in forma pauperis* status in the underlying Chapter 7 case, courts have held that "the granting of IFP status exempts litigants from filing fees only. It does not exempt litigants from the costs of copying and filing documents [or] service of documents other than [a] complaint." *Porter v. Dept. of Treasury*, 564 F.3d 176, 180 n.3 (3rd Cir. 2009); *see generally, Spates v. Dr. Sauvey,* 2016 U.S. Dist. LEXIS 110864, at *2 (E.D. Wis. May 31, 2016); *Milburn v. Kirk*, 2015 WL 5706918, at *3, 2015 U.S. Dist. LEXIS 131161, at *7 (W.D. Ark. July 21, 2015); *Beckely v. Raith*, 2013 WL 5568237, at *2, 2013 U.S. Dist. LEXIS 147621, at *4-5 (N.D. Cal. Oct. 9, 2013).

Further, the provisions of 28 U.S.C. § 1930(f)(1) provide a bankruptcy court the authority to "waive the filing fee in a case under Chapter 7" when a debtor has "income less than 150 percent of the income official poverty line . . . ." However, the same subsection specifically defines the term "filing fee". The statute states that: "the term 'filing fee' means the filing fee required by subsection (a), or any other fee prescribed by the Judicial

2

Conference under subsections (b) and (c) . . . ." Thus, while this statute provides for the waiving of a debtor's filing fee, it does not grant the court the authority to exempt litigants from the inherent costs of serving documents on other parties in an adversary case. Just as importantly, it does not provide authority to shift those costs to the Bankruptcy Court's Clerk's Office.

Because neither case law nor 28 U.S.C. § 1930 provide grounds for granting Defendant's Motion based upon his assertions of "indigent status" and the burden imposed by "[t]he costs of copies and postage", Defendant's Motion will be denied.

Therefore, for the reasons set forth above,

**IT IS ORDERED** that Defendant's "Motion to Order the Clerk to Serve the U.S. Trustee a Copy of the Defendant's Exhibits" [Doc. # 69] be, and hereby is, **DENIED.**