**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated: December 30 2016**

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 15-30531 |
| | ) | |
| Jeremy Lynn Kerr, | ) | Chapter 7 |
| | ) | |
| Debtor(s). | ) | Adv. Pro. No. 15-03085 |
| | ) | |
| Daniel M. McDermott, | ) | Judge John P. Gustafson |
| United States Trustee, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Jeremy Lynn Kerr, | ) | |
| | ) | |
| Defendant(s). | ) | |

**ORDER DENYING DEFENDANT'S MOTION**

This adversary proceeding is before the court on Defendant's "Motion To Order US Trustee to Provide a Copy of the Transcript of the Defendant's Deposition as Evidence and a Copy for the Defendant" ("Motion") [Doc. # 64] and Plaintiff's Objection to Defendant's Motion ("Objection") [Doc. # 65]. Defendant is the Debtor in the underlying Chapter 7 case pending in this court, and he is representing himself in this adversary proceeding.

In his Motion, Defendant "requests this Court to order the US Trustee to provide a copy of the transcript of the Defendant's Deposition as evidence and a copy for the Defendant." [Doc. # 64]. Because Defendant is incarcerated at the North Central Correctional Institution, he states that filing a subpoena would be difficult.

Plaintiff, the United States Trustee ("UST"), objects to Plaintiff's Motion. The UST conducted the deposition in January 2016, and did so "in order to make face-to-face contact with the Defendant so as to gain an appreciation of his intelligence, candor, and demeanor during questioning, and also to discuss possible settlement options." [Doc. # 65, ¶ 1]. The UST posits that "[m]ost, if not all, of the facts which supports the [UST]'s Complaint were established prior to that deposition." [*Id.*]. The UST states that it never obtained a transcript of the deposition, nor does it intend to do so prior to the evidentiary hearing on the Complaint. [*Id.* at ¶ 2].

On May 27, 2016, the court ordered that discovery was to be completed on or before June 17, 2016, and to the extent it had not yet done so, the UST was to provide Defendant with the Exhibits used in Defendant's deposition on or before June 3, 2016. The court did not order the UST to provide Defendant with a copy of the deposition transcript. [Doc. # 40]. Although the discovery deadline was June 17, 2016, the UST does not object to Defendant obtaining a copy of the transcript at his own cost. [Doc. # 65, ¶ 3]. As such, the court will construe pro se Defendant's Motion as one seeking to compel the UST to provide Defendant with a copy of his deposition transcript.

Failures to cooperate in discovery are governed by Federal Rule of Civil Procedure 33, made applicable to bankruptcy adversary proceedings by Rule 7037. Fed. R. Civ.P. 37; Fed. R. Bankr. P. 7037. When a party files a motion to compel, which the court construes pro se Defendant's Motion to be, the party must include a certification that the movant has in good faith conferred or attempted to confer with the opposing party in an attempt to resolve the discovery dispute without court involvement. Fed. R. Civ.P. 37(a)(1).

Rule 37(a)(1) requires two separate components:

First is the actual certification document. The certification must accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute. Second is the performance, which also has two elements. The moving party performs, according to the federal rule, by certifying that he or she has (1) in good faith (2) conferred or attempted to confer. Each of these two subcomponents must be manifested by the facts of a particular case in order for a certification to have efficacy and for the discovery

2

15-03085-jpg    Doc 73    FILED 12/30/16    ENTERED 12/30/16 13:55:52    Page 2 of 4

motion to be considered.

*Shuffle Master, Inc. v. Progressive Games, Inc.,* 170 F.R.D. 166, 170 (D. Nev. 1996); *see also*, *In re Johnson,* 408 B.R. 115, 119-120 (Bankr. S.D. Ohio 2009).

It is not enough that a party moving to compel discovery simply attach the certification; rather "[e]vidence of [an] attempt to confer in good faith must be reflected in [the] certification included in the motion." *Hilton-Rorar v. State & Fed. Commc'ns, Inc.,* 2010 WL 1481427, at *1, 2010 U.S. Dist. LEXIS 1469, at *3 (N.D. Ohio Jan. 7, 2010). Also, it is well settled that a motion to compel discovery should be granted when the discovery sought is relevant and proper. *See, Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 52380, 57 L.Ed.2d 253 (1978). But, a motion to compel discovery should not be granted when a court is unable to find that the discovery sought is both relevant and proper. *In re Nat. Century Fin. Enterprises, Inc.,* 298 B.R. 140, 143 (Bankr. S.D. Ohio 2003).

Here, Defendant's Motion consists of two sentences. He requests the court to "order the US Trustee to provide a copy of the transcript of the Defendant's Deposition as evidence", and he "argues that his current incarceration makes filing a subpoena difficult." [Doc. # 64]. In his Motion, Defendant has not satisfied the two components included in Federal Rule of Civil Procedure 37. He has not included a certification that he personally attempted to resolve the discovery dispute, nor has he provided any evidence that he has attempted to confer in good faith with the UST regarding the deposition transcript.

The court notes that, due to pro se Defendant's incarceration, communication with the UST can be difficult at times. However, the court cannot waive the requirements of Fed. R. Civ.P. 37, especially in an instance where Defendant has not complied with the certification or performance aspects of the statute.

Finally, the court cannot conclude that the discovery Defendant seeks this court to compel is relevant and proper. It appears that the UST has never been in possession of a transcript of the deposition in question. Thus, it appears that the UST will not be using the transcript as evidence at the upcoming evidentiary hearing.

Although Defendant is pro se and has been granted a waiver of his filing fee in the underlying Chapter 7 case, in keeping consistent with this court's previous order entered at Doc. #

3

70, Defendant may obtain a copy of his transcript at his own cost, as "[t]he expenditure of public funds for deposition transcripts is not authorized by the in forma pauperis statute or any other statute." *Cejas v. Myers,* 2016 U.S. Dist. LEXIS 28944, at *3 (E.D. Cal. Mar. 5, 2016). After a deposition has been taken, a court reporter "must retain the stenographic notes . . . or a copy of the recording of a deposition taken by another method. When paid reasonable charges, the [court reporter] must furnish a copy of the transcript or recording to any party or the deponent." Fed. R. Civ. P. 30(f)(3).

Thus, the Federal Rules of Civil Procedure provide a means for Defendant to obtain a transcript of his deposition, at his own cost. It is not the UST's duty to provide Defendant with a copy of the deposition transcript that the UST does not possess and does not appear to be using at the upcoming evidentiary hearing on the Complaint.

Therefore, for the reasons set forth herein,

**IT IS ORDERED** that Defendant's Motion [Doc. # 64] be, and hereby is, **DENIED.**