**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated: March 6 2017**

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 15-30531 |
| | ) | |
| Jeremy Lynn Kerr, | ) | Chapter 7 |
| | ) | |
| Debtor(s). | ) | Adv. Pro. No. 15-03085 |
| | ) | |
| Daniel M. McDermott, | ) | Judge John P. Gustafson |
| United States Trustee, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Jeremy Lynn Kerr, | ) | |
| | ) | |
| Defendant(s). | ) | |

### **MEMORANDUM OF DECISION AND ORDER REGARDING MOTIONS *IN LIMINE***

This adversary proceeding is before the court on Defendant's Motion *in Limine* ("Defendant's Motion") [Doc. # 63], Plaintiff's "Motion *in Limine* Seeking Order (1) Precluding the Defendant's Relitigation of Factual Findings Determined During the Defendant's State Court Criminal Proceedings and (2) Adopting the State Court's Findings by Judicial Notice" ("Plaintiff's Motion") [Doc. # 72], and Defendant's Opposition to the Trustee's Motion ("Defendant's Opposition"). [Doc. # 72]. Defendant (or "Mr. Kerr") is the debtor in the underlying Chapter 7 case.

He is currently incarcerated and appearing *pro se*. Plaintiff (or "UST") is the duly-appointed United States Trustee.

This adversary proceeding is scheduled for trial on March 23, 2017 on Plaintiff's Complaint to Deny Defendant-Debtor's Discharge Pursuant to 11 U.S.C.§§ 727(a)(2)(A) and (B), 727 (a)(4)(a), and 727(a)(5). Plaintiff alleges in his complaint that Defendant concealed possessory and equitable interests in four different properties within one year before the petition date, concealed the same possessory and equitable interests in the four properties after the petition date, knowingly and fraudulently made one or more false oaths or accounts in connection with his bankruptcy case, and failed to satisfactorily explain the loss of assets or deficiency of assets.

In his instant motion, Defendant seeks an order granting his motion "in Limine Defendant's alleged criminal actions on March 15 and 20 of 2012." [Doc. # 63, p. 1]. According to Defendant, in relation to Counts One and Two of the Complaint, Plaintiff's Exhibits 8-11 "clearly establish the disposition of properties never took place on March 15 or 20 of 2015." [*Id.,* p. 2].[1] Defendant further argues "the alleged actions. . .in March, 2012" having no bearing on Count Three's allegations that Defendant knowingly and fraudulently made one or more false oaths or accounts. Regarding Count 4's claim brought pursuant to § 727(a)(5), Defendant believes that the Ohio Sixth District Court of Appeals' decision, which upheld his previous criminal convictions, "lack[s] any activity at the Office of the Wood County Recorder where properties [sic] transfers take place . . . [and] should bar extending the time period for which [Defendant] must 'explain satisfactorily' the disposition of his assets." [Doc. # 63, p. 2-3].

Plaintiff's Motion seeks an order *in limine* that: 1) adopts by judicial notice the factual findings supporting the Defendant's guilty verdict, entered in the Wood County Common Pleas Court and upheld by the Ohio Court of Appeals for the Sixth District; 2) precludes Defendant from introducing any evidence at trial that would propose to re-litigate the factual findings made by the aforementioned state courts; and 3) provides whatever relief may be required in law and equity. [Doc. # 72].

In his Motion, Plaintiff reiterates that the "heart of the [UST's] case is the Defendant's long-

---

[1]/Although Defendant references "2015" on page 2 of his Motion, it appears to be a typo. The state court decision refers to events that took place on March 15th and March 20th in 2012.

standing efforts to shelter four parcels of real estate in his wholly-owned limited liability company, Beaver Creek Development, LLC ("Beaver Creek")". [Doc. # 72, p. 8]. The four properties are located at 13926 Defiance Pike, Rudolph, Ohio ("Defiance"), 13345 Ash Street, Weston, Ohio ("Ash"), 10730 Cygnet Road, Cygnet, Ohio ("Cygnet"), and 28926 Simmons Road, Perrysburg, Ohio ("Simmons").

Plaintiff refers to the court's Memorandum and Order Denying the Defendant's Motion for Summary Judgment ("Order Denying Summary Judgment") [Doc. # 46], wherein the court preliminarily adopted as fact findings contained within the Sixth District Court of Appeal's opinion that affirmed the criminal conviction against Defendant of the Wood County Court of Common Pleas. After the court denied Defendant's Motion for Summary Judgment, the court held a hearing on Defendant's motion for leave to file a second motion for summary judgment. [Doc. ## 50, 53, 55]. At that hearing, the UST orally moved for leave to file a motion *in limine* to preclude relitigation of the findings of fact of the Wood County Court of Common Pleas that convicted Defendant of forgery and tampering with evidence.

In the Order Denying Defendant's Motion for Leave to File Revised Summary Judgment, the court recorded the following stipulation between the parties: "The parties stipulate that the factual findings of the state court decisions regarding Mr. Kerr will not be re-litigated at trial." Any objections to the stipulation were to be made no later than November 30, 2016. [Doc. # 56]. On November 23, 2016, Defendant filed his Opposition to the Trustee's oral motion *in limine*. [Doc. # 60]. The UST argues that the court should refuse to admit any evidence offered by the Defendant that would attempt to re-litigate his state court convictions, and instead adopt the state court findings "as conclusive and binding for purposes of adjudicating the Complaint." [Doc. # 72, p. 6].

In his Opposition filed in response to Plaintiff's written Motion *in limine*, Defendant argues that collateral estoppel should not apply to the case at hand, as "Ohio Law . . . states if the outcome of the trial can be overturned on review, then Collateral Estopple [sic] cannot apply. " Defendant contends that a "Federal Habeas Review can overturn the outcome of a State Court Criminal Trial." [Doc. # 81, p. 2].

For the reasons that follow, the court will deny Defendant's Motion and grant in part and deny in part Plaintiff's Motion.

A motion *in limine* is "any motion, whether made before or during trial, to exclude

anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n. 2, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). "Unlike a summary judgment motion, which is designed to eliminate a trial in cases where there are no genuine issues of material fact, a motion *in limine* is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir.1990). In other words, the motion *in limine* is an evidentiary device that "provides a useful adjunct to other devices for truncating the trial such as motions for summary judgment." 21 Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure § 5037.10 (2005). "In light of their limited purpose, motions *in limine* should not be used to resolve factual disputes, which remains the function of a motion for summary judgment, with its accompanying and crucial procedural safeguards." *Williams v. Johnson*, 747 F.Supp.2d 10, 14 (D.D.C. 2010).

The crux of both Plaintiff's and Defendant's Motions *in limine* appear to be the extent to which collateral estoppel applies to the judgment of conviction against Defendant entered in state court. Defendant argues that the disposition of certain properties, which was described in detail in the Sixth District Court of Appeal's opinion [Doc. #1-2], and again in this court's Order Denying Summary Judgment [Doc. # 46], "never took place on March 15 or 20 of 2015." [Doc. # 63, p. 2]. He also argues that collateral estoppel should not apply. Plaintiff urges the court to adopt the state court findings as conclusive, and therefore preventing Defendant from re-litigating his state court convictions.

When an issue before a federal court was previously litigated under state law, a bankruptcy court applies the law of collateral estoppel of that state. Under 28 U.S.C. § 1738, the federal full faith and credit statute, a federal court must accord a state court judgment the same preclusive effect the judgment would have in state court. *Corzin v. Fordu (In re Fordu),* 201 F.3d 693, 703 (6th Cir. 1999). *See generally*, 4 *Collier on Bankruptcy* ¶ 523.06 (Alan N. Resnick & Henry J. Sommer, 16th ed. rev. 2016).

In *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 77 n.1, 79 L. Ed. 2d 56, 104 S. Ct. 892 (1984), the United States Supreme Court expressed its preference for usage of the terms "issue preclusion" and "claim preclusion" to refer to the preclusive effect of a judgment in foreclosing future litigation, rather than the more common terms of "collateral estoppel" and "res judicata." Both issue and claim preclusion fall under the broad umbrella of full faith and credit. *See,*

4

*Knutson v. City of Fargo*, 600 F.3d 992, 996 (8th Cir. 2010) (*citing*, *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005)).

The case at hand deals with state law criminal convictions. In determining whether a prior state court criminal conviction should be given preclusive effect in a federal action, the federal court must apply the law of the state in which the prior judgment was rendered. *Corzin v. Fordu (In re Fordu)*, 201 F.3d 693, 703 (6th Cir. 1999). Thus, the court must apply Ohio issue preclusion principles in this case.

Collateral estoppel, or "issue preclusion", "precludes the relitigation, in a second action, of an issue that had been actually and necessarily litigated and determined in a prior action that was based on a different cause of action." *State ex rel. Nickoli v. Erie Metroparks*, 124 Ohio St. 3d 449, 923 N.E.2d 588, 592 (2010). "There is no question that collateral estoppel principles apply to bankruptcy proceedings, and can be used . . . to prevent re-litigation of issues already decided in a state court." *In re Chapman*, 228 B.R. 899, 904 (Bankr. N.D. Ohio 1998) (*citing*, *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)).

Under Ohio law, four elements must be met in order to apply the doctrine of issue preclusion: "(1) The party against whom estoppel is sought was a party or in privity with a party to the prior action; (2) There was a final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue; (3) The issue must have been admitted or actually tried and decided and must be necessary to the final judgment; and (4) The issue must have been identical to the issue involved in the prior suit." *Cashelmara Villas Ltd. P'ship v. DiBenedetto*, 87 Ohio App. 3d 809, 814 (1993)(*quoting Monahan v. Eagle Picher Indus., Inc.*, 21 Ohio App.3d 179, 180-81 (1984)); *see Sill v. Sweeney (In re Sweeney)*, 276 B.R. 186, 189 (6th Cir. B.A.P. 2002); *cf. State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 120 Ohio St. 3d 386, 392, 899 N.E.2d 975, 982 (2008)(*citing Thompson v. Wing*, 70 Ohio St. 3d 176, 183, 637 N.E.2d 917 (1994)(doctrine stated as having three factors, applying "when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action.")). The person asserting issue preclusion carries the burden of pleading and proving its requirements by a preponderance of the evidence. *Am. Fiber Sys., Inc. v. Levin,* 125 Ohio St. 3d 374, 378 (2010)(citing *Goodson v. McDonough Power Equip., Inc.*, 2 Ohio St. 3d 193, 198 (1983)); *A Packaging Service*

*Co. v. Siml (In re Siml),* 261 B.R. 419, 422 (Bankr. N.D. Ohio 2001).  .

The Ohio Supreme Court explicitly held that "a convicted defendant is precluded under the doctrine of res judicata from raising and litigating in any proceeding, except an appeal from that judgment, any defense . . . that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on appeal from that judgment." *5455 Clarkins Drive, Inc. v. Poole*, 384 F. App'x 458, 463 (6th Cir. 2010)(*quoting*, *State v. Szefcyk,* 77 Ohio St.3d 93, 671 N.E.2d 233, 235 (1996).

While some Ohio courts have interpreted the *Szefcyk* decision as supporting the preclusive effects of a criminal proceeding in a subsequent civil suit ( *Blackwell v. Gorman*, 142 Ohio Misc.2d 50, 870 N.E.2d 1238 (Ohio Ct.C.P.2007)), the general rule in Ohio is that courts "frown upon" giving preclusive effect to factual determinations made in criminal proceedings in a subsequent civil proceeding. *Anderson v. City of Blue Ash,* 798 F.3d 338, 353 (6th Cir. 2015).

Ohio courts have considered whether "the qualitative differences between those proceedings affected the litigant's willingness or ability to pursue the claim." *Anderson v. City of Blue Ash*, 798 F.3d at 351 (*citing State ex rel. Ferguson v. Ct. of Claims of Ohio*, 98 Ohio St. 3d 399, 404 (2003) ("[T]he qualitative differences between civil and criminal proceedings [including the differing standards of proof, rules of discovery, and rules of evidence] militate against giving criminal judgments preclusive effect in civil or quasi-civil litigation.").

When parties to a case have sought to litigate purely legal issues that were or could have been raised in an earlier criminal proceedings, courts have given preclusive effect to the criminal proceeding, because the differences in the proceedings did not affect the parties' willingness or ability to pursue the issues. *See*, *5455 Clarkins Drive, Inc. v. Pool,* 384 Fed. Appx. 458, 465 (6th Cir. 2010) (finding an adult cabaret's conviction for violating a zoning ordinance precluded it from raising a First Amendment challenge to that ordinance in a subsequent civil proceeding since "their willingness and ability to [raise the issue] were unaffected by the fact that the earlier proceeding happened to be a criminal trial"); *Independence Excavating Inc. v. City of Twinsburg*, 2002 WL 2009464, *8, 2002 Ohio App. LEXIS 4666, *24-25 (Ohio App. Sept. 4, 2002) (holding that a conviction for violating a municipal ordinance precluded a company from later seeking a declaratory judgment that the zoning ordinance conflicted with state law since raising the issue in the criminal proceeding would not have been affected by the qualitative differences between a criminal and a

civil proceeding). But, Ohio courts view factual determinations made in an earlier criminal proceeding differently.

Following an aggravated assault conviction, the assault victim filed an intentional tort action against the convicted defendant. The court in *Phillips v. Rayburn*, 113 Ohio App. 3d 374 (1996) held that while "the conviction could be admitted into evidence and accorded whatever weight the factfinder deems appropriate," it does not preclude the defendant "from presenting evidence rebutting or explaining the criminal conviction." *Id.* at 381-82. The court continued:

> [T]he advantages gained by preclusion do not outweigh the risks inherent in allowing a criminal conviction to bind a defendant in a subsequent civil suit based on the same conduct. Procedural and discovery differences between the criminal and civil forums coupled with the defendant's dilemma over whether to testify in his own behalf or present any defense at the criminal trial make preclusion in this instance a precarious and, we believe, unwise practice.

*Id.*; *see, Breckler v. Martin,* 2002 WL 1465761, *3, 2002 U.S. Dist. LEXIS 12330, *7 (N.D. Ohio June 10, 2002) (applying Ohio law in a wrongful death action and holding that the record of the defendant's criminal conviction "may be entered as evidence and accorded whatever weight the factfinder deems appropriate, but such evidence is not conclusive, and the factual issues may be re-litigated in civil proceedings.")

In the matter at hand, applying the reasoning set forth in *Phillips* and *Breckler*, this court concludes that Defendant's criminal forgery and tampering convictions do not preclude him from presenting testimony or evidence to rebut or explain the criminal convictions against him, as affirmed in the state appellate court decision. However, the court will not preclude Plaintiff from admitting into evidence the Ohio Sixth District Court of Appeals' decision that affirmed Defendant's criminal convictions, and the court will take judicial notice of the state court opinion. But, the court will not simply adopt the factual findings recited therein, as the Plaintiff requests in his Motion. Instead, the record of the criminal conviction will be entered into evidence, and accorded whatever weight the fact finder deems appropriate in light of whatever evidence Defendant-Debtor presents to rebut, explain, or otherwise mitigate the state court findings. *See*, *Breckler v. Martin*, 2002 WL at *3, 2002 U.S. Dist. LEXIS at *7.

In his preemptive opposition to Plaintiff's Motion, Defendant argues that "[t]he De Novo review nature of a Habeas Corpus Proceeding makes the findings of the Ohio 6th District irrelevant.

7

. . ." [Doc. # 60, p. 3]. Although Defendant's separate *habeas* petition is subject to de novo review, there is no collateral effect on Defendant's bankruptcy case or the adversary proceeding at hand. *See*, *Morales v. Coyle*, 98 F.Supp.2d 849, 861 (N.D. Ohio 2000). And, as the court is denying Plaintiff's Motion, Defendant's *habeas* argument is moot in this matter.

Therefore, having determined that the state court criminal findings will not be granted preclusive effect in the upcoming trial, with good cause appearing,

**IT IS ORDERED** that Defendant's Motion *in Limine* [Doc. # 63] be, and hereby is, **DENIED;** and

**IT IS FURTHER ORDERED** that Plaintiff's Motion *in Limine* [Doc. # 72] be, and hereby is, **GRANTED IN PART**, to the extent that Plaintiff requests the court take judicial notice of the state court opinion, but not to the extent that the court is adopting the factual findings contained therein, and **DENIED IN PART**, to the extent that Plaintiff requests the court preclude Defendant from introducing evidence at trial that would question the factual findings of the state court opinion**.** The trial on this matter will proceed as scheduled, to be held on March 23, 2017 at 10:00 a.m.

###